UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LINDA A. WHITE, | No. 2:16-cv-1449 TLN GGH PS |
| Plaintiff, | ORDER |
| v. | |
| WELLS FARGO HOME MORTGAGE, et al., | |
| Defendants. | |

Plaintiff, proceeding in this action pro se, has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 302(21), pursuant to 28 U.S.C. § 636(b)(1).

Plaintiff has not completed her in forma pauperis application. Although the form states that plaintiff is employed, plaintiff has not provided the amount of her take home salary or wages, the pay period, and the name and address of her employer. Plaintiff also states that she receives funds from "disability or workers compensation payments" and "other sources," but has not described each source of money, the amount received, and what plaintiff expects to continue to receive. Accordingly, the request to proceed in forma pauperis will be denied without prejudice. Plaintiff will be directed to complete another in forma pauperis application that is complete.

The determination that plaintiff may proceed in forma pauperis does not complete the required inquiry. Pursuant to 28 U.S.C. § 1915(e)(2), the court is directed to dismiss the case at

1

1   any time if it determines the allegation of poverty is untrue, or if the action is frivolous or
2   malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against
3   an immune defendant.
4      A claim is legally frivolous when it lacks an arguable basis either in law or in fact.
5   Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th
6   Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an
7   indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,
8   490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully
9   pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th
10  Cir. 1989); Franklin, 745 F.2d at 1227.
11     A complaint must contain more than a "formulaic recitation of the elements of a cause of
12  action;" it must contain factual allegations sufficient to "raise a right to relief above the
13  speculative level."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007).
14  "The pleading must contain something more...than...a statement of facts that merely creates a
15  suspicion [of] a legally cognizable right of action."  Id., quoting 5 C. Wright & A. Miller, Federal
16  Practice and Procedure 1216, pp. 235-235 (3d ed. 2004).  "[A] complaint must contain sufficient
17  factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft
18  v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570, 127
19  S.Ct. 1955).  "A claim has facial plausibility when the plaintiff pleads factual content that allows
20  the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."
21  Id.
22     Pro se pleadings are liberally construed.  See Haines v. Kerner, 404 U.S. 519, 520-21, 92
23  S. Ct. 594, 595-96 (1972); Balistreri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th Cir. 1988).
24  Unless it is clear that no amendment can cure the defects of a complaint, a pro se plaintiff
25  proceeding in forma pauperis is entitled to notice and an opportunity to amend before dismissal.
26  See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987); Franklin, 745 F.2d at 1230.
27     The complaint names Wells Fargo Home Mortgage ("Wells Fargo") and LeesaWhitt-
28  Potter, Senior Vice-President, as defendants.  Although the complaint mentions the Fraud

2

1  Enforcement Recovery Act of 2009 ("FERA"), the complaint contains no facts supporting

2  plaintiff's conclusory allegation that Wells Fargo denied her requests for loan modification.  Even

3  if plaintiff could supply the facts on amendment, however, such as the dates of her requests and

4  Wells Fargo's alleged denials, plaintiff could not proceed under the FERA.

5        In 2009, Congress amended the False Claims Act to include mortgage lending businesses.

6  United States v. Grasso, 724 F.3d 1077, 1088 (9th Cir. 2013).  Although FERA permits civil

7  actions by private persons for violations of 31 U.S.C. § 3729, such actions are subject to strict

8  procedural requirements, including that plaintiff must file a *qui tam* action which in turn requires

9  her to be represented by counsel, and file *in camera*.  Klaizner v. Countrywide Financial, 2015

10  WL 627927 at *3 (D. Nev. Feb. 12, 2015); 31 U.S.C. § 3730(b)(1); Stoner v. Santa Clara Cnty.

11  Office of Educ., 502 F.3d 1116, 1127 (9th Cir. 2007).

> FERA contained amendments to the False Claims Act, and the False Claims Act in turn permits civil actions by private persons for violations of 31 U.S.C. § 3729. See 31 U.S.C. § 3730(b). By law, such actions can be brought only "in the name of the Government," id. § 3730(b)(1), and the initiation of such a suit must begin with certain specific procedures: "A copy of the complaint and written disclosure of substantially all material evidence and information the person possesses shall be served on the Government pursuant to Rule 4[(i)] of the Federal Rules of Civil Procedure. The complaint shall be filed in camera, shall remain under seal for at least 60 days, and shall not be served on the defendant until the court so orders," *id.* § 3730(b)(2). Under this statute, private persons who attempt to initiate such a suit are not actually plaintiffs but rather are deemed "relators," and "[b]ecause relators lack a personal interest in False Claims Act *qui tam* actions, [the Second Circuit has] conclude[d] that they are not entitled to proceed *pro se*." United States ex rel. Mergent Servs. v. Flaherty, 540 F.3d 89, 93 (2d Cir.2008).

21  Ruotolo v. Fannie Mae, 933 F. Supp. 2d 512, 522 (S.D.N.Y. 2013).

22        Here, plaintiff proceeding in pro se has met none of these requirements.  Plaintiff will,

23  however, be permitted leave to amend to state a claim under some other theory, if she is able to

24  do so in good faith.

25        Without a FERA claim, the court can discern no other basis for federal subject matter

26  jurisdiction.  A federal court is a court of limited jurisdiction, and may adjudicate only those cases

27  authorized by the Constitution and by Congress.  See Kokkonen v. Guardian Life Ins. Co., 511

28  U.S. 375, 377, 114 S. Ct. 1673, 1675 (1994).  U.S. Const. Art. III, § 1 provides that the judicial

1  power of the United States is vested in the Supreme Court, "and in such inferior Courts as the
2  Congress may from time to time ordain and establish." Congress therefore confers jurisdiction
3  upon federal district courts, as limited by U.S. Const. Art. III, § 2.  See Ankenbrandt v. Richards,
4  504 U.S. 689, 697-99, 112 S. Ct. 2206, 2212 (1992).  Lack of subject matter jurisdiction may be
5  raised at any time by either party or by the court.  See Attorneys Trust v. Videotape Computer
6  Products, Inc., 93 F.3d 593, 594-95 (9th Cir. 1996).

7  The basic federal jurisdiction statutes, 28 U.S.C. §§ 1331 & 1332, confer "federal
8  question" and "diversity" jurisdiction, respectively.  Statutes which regulate specific subject
9  matter may also confer federal jurisdiction.  See generally, W.W. Schwarzer, A.W. Tashima & J.
10  Wagstaffe, Federal Civil Procedure Before Trial § 2:5.  Unless a complaint presents a plausible
11  assertion of a substantial federal right, a federal court does not have jurisdiction.  See Bell v.
12  Hood, 327 U.S. 678, 682, 66 S. Ct. 773, 776 (1945).  A federal claim which is so insubstantial as
13  to be patently without merit cannot serve as the basis for federal jurisdiction.  See Hagans v.
14  Lavine, 415 U.S. 528, 537-38, 94 S. Ct. 1372, 1379-80 (1974).

15  For diversity jurisdiction pursuant to 28 U.S.C. § 1332, each plaintiff's state citizenship
16  must be diverse from each defendant, and the amount in controversy must exceed $75,000.  For
17  federal question jurisdiction pursuant to 28 U.S.C. § 1331, the complaint must either (1) arise
18  under a federal law or the United States Constitution, (2) allege a "case or controversy" within the
19  meaning of Article III, section 2, or (3) be authorized by a jurisdiction statute.  Baker v. Carr, 369
20  U.S. 186, 198, 82 S. Ct. 691, 699-700, 7 L. Ed. 2d 663 (1962).

21  Plaintiff not only alleged federal question jurisdiction but also diversity jurisdiction,
22  claiming that both defendants are citizens of Iowa, and she is a citizen of California.  She also
23  alleges that the amount in controversy is a "million dollars."

24  For diversity purposes, a corporation is deemed to be a citizen of every state by which it
25  has been incorporated and of the state where it has its principal place of business. 28 U.S.C. §
26  1332(c). Plaintiff must allege, in the pleadings, the facts essential to show proper and complete
27  diversity jurisdiction in order to maintain standing in federal district court. See Fifty Associates v.
28  Prudential Ins. Co. of America, 446 F.2d 1187, 1190 (9th Cir. 1970) (citing McNutt v. General

1  Motors Acceptance Corp. Of Indiana, 298 U.S. 178, 189, 56 S.Ct. 780, 80 L.Ed. 1135 (1935)).

2  Given that Wells Fargo is a corporation, plaintiff must allege both the state(s) of this defendant's incorporation and where it has its principal place of business.  See Harris v. Rand, 682 F.3d 846, 850 (9th Cir.2012) (emphasis added), 28 U.S.C. § 1332(c)(1) (a corporation shall be deemed to be a citizen of every state by which it has been incorporated and of the state where it has its principal place of business), Fifty Associates, 446 F.2d at 1190 (facts must be alleged from which it may be determined of which state, or states, the corporation is deemed to be a citizen).

In regard to the amount in controversy, the property at issue and its value can only be the object of the litigation if the purpose of the lawsuit is to enjoin a bank from selling or transferring the property, such as in actions for declaratory or injunctive relief.  Reyes v. Wells Fargo Bank, N.A., 2010 WL 2629785, *4 (N.D. Cal. June 29, 2010).  Here, plaintiff does not make such an allegation.  The complaint seeks only damages.  (ECF No. 1 at 5.)[1]  Courts have found that when a plaintiff does not seek to rescind the loan at issue or prevent foreclosure, but instead seeks damages in an unspecified amount under claims such as breach of fiduciary duty, negligence, negligent misrepresentation, intentional misrepresentation, fraud, and violation of California Business and Professions Code section 17200, the amount in controversy is "not properly gauged by the loan amount."  See Gaspar v. Wachovia Bank, 2011 WL 577416, at *4 (N.D.Cal. Feb.9, 2011); see also Baskin v. Wells Fargo Bank, N.A., 2011 WL 5369123 (N.D.Cal. Nov.7, 2011); Landa v. Flagstar Bank, FSB, 2010 WL 2772629, at *2 (S.D.Cal. July 13, 2010).  Similarly, courts have rejected using the appraised value of the property as a measure of the amount in controversy when Plaintiffs' action is "essentially a common law fraud action rather than a typical mortgage foreclosure action."  Landa, 2010 WL 2772629 (S.D.Cal. July 13, 2010).

Although a diversity suit should not be dismissed unless "it is apparent, to a legal certainty, that the plaintiff cannot recover [the requisite amount in controversy]."  St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 289, 58 S.Ct. 586, 590 (1938), "this liberal

---

[1] The prayer for relief contains no pertinent information as to what plaintiff is seeking. (ECF No. 1 at 8.)

5

standard for jurisdictional pleading is not a license for conjecture." Morrison v. Allstate Indem. Co., 228 F.3d 1255, 1268 (11th Cir. 2000).

Plaintiff is advised that in her amended complaint, she must allege that each defendant is diverse in accordance with the outline provided above, and must allege an amount in controversy exceeding $75,000, in light of the authority provided.

The complaint also contains frivolous claims that will be dismissed if plaintiff attempts to include them on amendment: that "someone" pulled boards out of plaintiff's fence and it fell down; people are watching her and trying to sell things to get into her house; cars are driving by her house with excessive speed. (ECF No. 1 at 5.) Plaintiff is informed that this federal court is not a forum "to vent" as plaintiff suggests. (ECF No. 1 at 6.) See Valley Forge Christian College v. Americans United for Separation of Church and State, Inc., 454 U.S. 464, 473 (1982) (federal courts are not "forums for the ventilation of public grievances").

Furthermore, the complaint makes no allegations against Whitt-Potter. If plaintiff chooses to amend the complaint, she must allege how defendant Whitt-Potter violated her rights. Plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir.1997), *overruled in part on other grounds*, Lacey v. Maricopa County, 693 F.3d 896, 928 (9th Cir. 2012) (en banc). Once plaintiff files an amended complaint, the original pleading no longer serves an operative function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Good cause appearing, IT IS ORDERED that:

1. Plaintiff's application to proceed in forma pauperis (ECF No. 3) is denied without prejudice.

   2. Within 28 days of this order, plaintiff shall pay the applicable filing fee or file an amended application demonstrating her entitlement to proceed in forma pauperis if she can do so in good faith. Plaintiff's failure to pay the filing fee or file an amended application by the above deadline will result in a recommendation that plaintiff's complaint be dismissed without prejudice pursuant to Federal Rule of Civil Procedure 41(b).

   3. The Clerk of the Court shall provide plaintiff with a form application to proceed in forma pauperis.

   4. The complaint is dismissed for the reasons discussed above, with leave to file an amended complaint within twenty-eight (28) days from the date of service of this Order.  The amended complaint must comply with the requirements of the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "Amended Complaint;" failure to file an amended complaint will result in a recommendation that this action be dismissed.

Dated:  August 8, 2016

            /s/ Gregory G. Hollows

          UNITED STATES MAGISTRATE JUDGE

GGH:076:White1449.ifp.amd